BATCHELDER, Circuit Judge,
concurring in the result only.
I concur in the result reached by the majority because I believe that the plaintiffs have set forth just enough evidence to require that a trier of fact determine whether the Defendants breached their duty with respect to the potential change in the amount of the premiums. However, for several reasons I cannot simply concur in the opinion. First, I believe the majority opinion distorts the facts, particularly with regard to the Defendants’ reliance on experts in selecting the plan. Second, even if the majority’s factual picture in that respect were accepted as being correct, the majority’s creation of a new requirement that a fiduciary may not rely on expert advice unless the fiduciary himself has read everything that he signs, regardless of the complexity of the document, the expertise — or lack of expertise — of the fiduciary, or the degree of expertise of the experts or advisors on whom the fiduciary relies to evaluate the document for him, is imprudent and without legal precedent.
Finally, and perhaps most importantly, I believe the majority opinion extends this circuit’s cases of Sprague v. General Motors Corp., 133 F.3d 388 (6th Cir.1998), Krohn v. Huron Mem’l Hosp., 173 F.3d 542 (6th Cir.1999), and James v. Pirelli Armstrong Tire Corp., 305 F.3d 439 (6th Cir.2002), beyond their rational application in all respects except with regard to the information disseminated about the potential change in premium amounts. These cases stand for the limited proposition that, if the fiduciary is providing information on its own initiative, then it must not *849 make any materially misleading statements; but if it is responding to inquiry, it must provide accurate and complete information that bears in mind the needs of the particular beneficiary. Ranging far afield of these limited rules, the majority opinion appears to add to an ERISA fiduciary’s duties in an area already highly regulated by Congress and the Department of Labor, and gives no clear guidance as to what fiduciaries in this circuit must disclose to potential plan beneficiaries. Accordingly, I concur only in the result reached by the majority.